**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**PARKERSBURG DIVISION**

THOMAS DEEGAN, et al.,

                Plaintiffs,

v.                                CIVIL ACTION NO.  6:12-cv-00523

STATE OF WEST VIRGINIA, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff's Motion for a Temporary Restraining Order [Docket 10].

The plaintiffs in this case are Thomas Deegan and his mother, Darlene Deegan. According to the complaint, on February 28, 2010, Thomas Deegan called a crisis hotline from his mother's home, threatening to commit suicide.   The police were contacted and several officers arrived at the plaintiffs' home in Wood County.   While assisting Mr. Deegan, officers observed what the complaint describes as "a small indoor hydroponics natural herb garden growing with the herb Cannabis sativa L."   (Compl. [Docket 1] ¶ 6–7).   After obtaining a search warrant from a Wood County magistrate, additional officers arrived and removed sixty-three "indoor natural medicine herb Cannabis sativa L. plants" from the home.   (*Id.* ¶ 7).

On May 13, 2010, criminal charges were filed against the plaintiffs in the Circuit Court of Wood County.   (Comp. ¶ 8).   Thomas Deegan subsequently filed what the complaint describes as affidavits "notifying the COURT of proper venue and requesting Biblical justice according to

1

Gods laws."   (*Id.* ¶ 9).   The complaint further alleges that on February 13, 2012, Navin C. Naidu, who is alleged to be a justice on the "Ecclesiastical Court of Justice, Pennsylvania", paid a removal fee and attempted to remove to the case to the Ecclesiastical Court of Justice.   (*Id.* ¶ 10).

The plaintiffs filed suit in this court on February 24, 2012.   The defendants include the State of West Virginia, Wood County, six individuals, "and all successors, et al."   (Compl. [Docket 1]).   The Complaint seeks five million dollars in cumulative damages and an injunction enjoining the state criminal prosecution.   After 5:00 p.m. on February 27, 2012, the plaintiffs notified the court via telephone of a hearing in the state matter set for 1:00 p.m. on February 28, 2012.   The Wood County docket sheet for the relevant matter reflects that trial is set for 1:00 p.m. today.

The Anti-Injunction Act provides:   "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."   28 U.S.C. § 2283.   Thus, a district court may not enjoin a state court proceeding unless the injunction falls directly within a specifically defined exception to the Anti-Injunction Act.   *Denny's, Inc. v. Cake*, 364 F.3d 521, 528 (4th Cir. 2004).

There are three exceptions to the Anti-Injunction Act.   These exceptions allow a court to issue an injunction that is "(1) expressly authorized by statute; (2) necessary to aid the court's jurisdiction; or (3) required to protect or effectuate the court's judgments."   *Id.* at 529 (citing *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988); *Atl. Coast Line R.R. Co. v. Bhd. Of Locomotive Eng'rs*, 398 U.S. 281, 287–88 (1970).   The second and third exceptions do not apply in this case.   *See generally, e.g., Chick Kam Choo*, 486 U.S. at 146.

2

In *Mitchum v. Foster*, the Supreme Court held that injunctions in suits under 28 U.S.C. § 1983 are "expressly authorized" by Congress and therefore exempt from the Anti-Injunction Act. *Mitchum v. Foster*, 407 U.S. 225 (1972).   The Court also recognized, however, that federal courts are generally prescribed from interfering with state criminal prosecutions.   *See id.* (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

In *Younger v. Harris*, the Supreme Court held that federal courts may not interfere with state court prosecutions except in exceptional circumstances.   This doctrine is known as *Younger* Abstention.   The Fourth Circuit has instituted a three-part test for determining when *Younger* abstention is appropriate:   "(1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding."   *Employers Resource Mgmt. Co., Inc. v. Shannon,* 65 F.3d 1126, 1134 (4th Cir.1995).

In this case, the plaintiffs are involved in an ongoing state judicial proceeding.   The state proceeding is a criminal proceeding which clearly implicates important state interests.   Further, there is an adequate opportunity for the plaintiffs to present their federal claims in the state proceeding.   Therefore, the court **FINDS** that *Younger* abstention applies and **FINDS** that there are no exceptional circumstances present that would warrant this court's intervention.   Therefore, the plaintiffs' Motion for a Temporary Restraining Order is hereby **DENIED** in accordance with *Younger v. Harris*, 402 U.S. 37, 45 (1971).

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:          February 28, 2012

3

Joseph R. Goodwin, Chief Judge