IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
PARKERSBURG

THOMAS DEEGAN and
DARLENE DEEGAN,

      Plaintiffs,

v.                                                 Case No. 6:12-cv-00523

STATE OF WEST VIRGINIA,
COUNTY OF WOOD,
OFFICER RICK MODESITT,
OFFICER K.D. MERRITT,
OFFICER ROBERT TEBAY,
OFFICER CAROLE JONES,
OFFICER JEFFREY B. REED,
and all successors,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are the Motion to Dismiss filed by defendants County of Wood, Officer Rick Modesitt, Officer K.D. Merritt, Officer Robert Tebay and Officer Carole Jones (ECF No. 19.) and the Motion to Dismiss filed by defendants Jeffrey B. Reed and the State of West Virginia (ECF No. 21.) This matter is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## THE PLAINTIFFS' ALLEGATIONS AND PROCEDURAL HISTORY

On February 24, 2012, the plaintiffs, Thomas Deegan, and his mother, Darlene Deegan, filed a civil rights complaint against several present and former Wood County officials (ECF No. 1.) The Complaint alleges that, on February 28, 2010, while living

with his mother, Thomas Deegan called a crisis hotline and threatened to commit suicide. (ECF No. 1 at 2-3, ¶ 5.) When law enforcement officials responded to the plaintiffs' home, they found what the Complaint describes as a "small indoor hydroponics natural herb garden growing with the herb Cannabis sativa L" (*i.e.,* marijuana) (*Id.* at 3, ¶ 7.) The plaintiffs' Complaint alleges that the marijuana was "for personal, private natural medicine use only." (*Id.*) A search warrant was obtained and 63 marijuana plants were removed from the house. (*Id.*) Both of the plaintiffs were charged with one count of manufacturing a controlled substance and one count of conspiracy to manufacture a controlled substance. (*See* Case Nos. 11-F-101, 11-F-102 filed in the Circuit Court of Wood County)

According to the Memorandum of Law filed by Judge Jeffrey B. Reed and the State of West Virginia, following their indictment, Thomas and Darlene Deegan entered pleas of not guilty to the charges. (ECF No. 22 at 2.) On December 28, 2011, Mr. Deegan indicated to Judge Reed that he did not wish to proceed with representation by court-appointed counsel. (*Id.*) At the same hearing, Darlene Deegan stated that she did wish to proceed with court-appointed counsel. (*Id.*)

On January 4, 2012, Mr. Deegan elected to proceed *pro se*, with standby counsel. (*Id.* at 3.) At a hearing conducted on February 21, 2012, Mr. Deegan informed the court that he was withdrawing a number of motions that he had filed. (*Id.*) At that time, Judge Reed addressed the fact that a Notice of Removal had been filed by the defendants to remove the case to an "Ecclesiastical Court of Justice" in Pennsylvania. Judge Reed noted, however, that the "Ecclesiastical Court of Justice" was not a recognized entity, and set the case for trial on February 29, 2012. (*Id.*)

Mrs. Deegan appeared in the Wood County Circuit Court on February 29, 2012, and entered a guilty plea, pursuant to a plea agreement, to misdemeanor possession of a controlled substance greater than 15 grams, and the conspiracy charge against her was dismissed. (*Id.* at 3.) A sentencing hearing was to be subsequently scheduled. However, Mr. Deegan failed to appear for trial as scheduled. (*Id.*) His bond was revoked and a capias was issued. (*Id.*) To the undersigned's knowledge, Mr. Deegan is still a fugitive.

The crux of the plaintiffs' civil Complaint is that their criminal case should be "removed" to the "Ecclesiastical Court of Justice" in Pennsylvania, because this case:

> has everything to do with the Rights of the Christian Religion, the faith and the Commandments of God, the Grace and forgiveness through the Atonement Blood of Jesus Christ, who died on the cross, forgiving all who confess and are baptized in his name for the forgiveness of their sins from man-made laws, upon repentance, and the healing of physical health, disease, pain infirmities, afflictions which are sole and exclusive issues in the venue of Jesus Christ alone the great Healer of the Christian religion. Officers from CIRCUIT COURT OF WOOD COUNTY CORPORATION refused to relinquish the commercial monetary interests of this case to the Ecclesiastical Court of Justice, Pennsylvania.

(ECF No. 1 at 3-4.) The plaintiffs appear to be alleging that the various defendants have denied the plaintiff's constitutional right to the free exercise of their religion, as safeguarded under the First Amendment, in bringing the criminal charges and in failing to allow removal of the cases to this "religious" court. The plaintiffs also cite to the Religious Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb, and Public Law 97-280, in which the plaintiff's assert that Congress declared that "the Bible is the Word of God." (ECF No. 1 at 4-5.) The plaintiffs' Complaint also invokes 42 U.S.C. §§ 1985 and 1986, statutes prohibiting a conspiracy to interfere with civil rights that have only been held to apply in cases involving members of a protected class, such as those based on

race or sex, and concerning the alleged denial of equal protection of the laws or equal privileges and immunities under the laws. The plaintiffs' Complaint fails to allege how these code sections are applicable to their cases.

The plaintiffs have sued four Wood County officials (who, according to their Motion to Dismiss, are former Wood County Commissioners and the Wood County Circuit Clerk), Judge Jeffrey B. Reed, the presiding judge in the plaintiffs' criminal cases, and the State of West Virginia, requesting monetary damages and a court order to remove the criminal actions to the "Ecclesiastical Court of Justice, Pennsylvania." (ECF No. 1 at 16.)[1]

On March 15, 2012, defendants Modesitt, Merritt, Tebay, Jones, and the County of Wood filed a Motion to Dismiss (ECF No. 19). On March 19, 2012, defendants Reed and the State of West Virginia filed their own Motion to Dismiss (ECF No. 21). On March 27, 2012, the undersigned entered an Order advising the plaintiffs that they had a right to file a response to the defendants' motions, and setting deadlines for a response and reply. (ECF NO. 23.)

The plaintiffs did not file a response by the ordered deadline of April 10, 2012. On April 16, 2012, defendants Reed and the State of West Virginia filed a reply brief. (ECF No. 24.) This matter is ripe for determination.

## **STANDARD OF REVIEW**

---

[1] The undersigned further notes that the plaintiffs have declared themselves to be "sovereign citizens" and also seek frivolous injunctive relief in the form of "piercing the corporate veil of the COUNTY OF WOOD, to allow the return of Wood County Government to a lawful republican form of Government that is established pursuant to the Constitution" and "piercing the Corporate veil of the defendant, STATE OF WEST VIRGINIA, to allow the reinstatement of lawful State of West Virginia Constitutional organic Government by the people once again, pursuant to their Constitution and the Constitution of the United States, guaranteeing a Republican form of Government." (ECF No. 1 at 15-16.)

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
> * * *
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

Accordingly, the defendants' motions will be reviewed under Rule 12(b)(6) of the Federal Rules of Civil Procedure and the *Twombly/Iqbal* standard.

5

## ANALYSIS

### A. The Complaint fails to state a claim upon which relief can be granted.

Both Motions to Dismiss assert that the plaintiffs' Complaint fails to state a claim upon which relief can be granted because there is no constitutional or statutory authority that would confer jurisdiction on the "Ecclesiastical Court of Justice, Pennsylvania." (ECF No 19 at 2; ECF No. 21 at 3.) As noted in the Memorandum of Law in Support of the Motion to Dismiss filed by defendants Reed and the State of West Virginia, "the West Virginia Constitution establishes that the proper jurisdiction for these criminal cases is a West Virginia circuit court." See W. Va. Const. art. 8, § 6. Furthermore, since the acts that are the subject of the criminal cases occurred in Wood County, West Virginia, the Circuit Court of Wood County is the proper venue for the criminal cases. *See* W. Va. Const. art. 3, § 14.

The plaintiffs' veiled assertion that removal of the case to the Ecclesiastical Court of Justice is permissible because the plaintiffs are claiming that their cases somehow involve "religious matters" is frivolous. So, too, are the plaintiffs' allegations that the county and state governments are somehow not lawful governmental authorities under the state and federal constitutions. The plaintiffs' Complaint contains conclusory, frivolous, and fanciful allegations and the Complaint does not otherwise allege any facts upon which any constitutional or statutory liability may be grounded against any of the defendants.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiffs' Complaint fails to state a claim upon which relief can be granted

against the defendants and should be dismissed pursuant to Rule 12(b)(6), *Twombly* and *Iqbal.*

### B. Judge Reed is absolutely immune from liability.

As noted by Judge Jeffrey B. Reed in his Memorandum of Law, "the doctrine of judicial immunity is a fundamental principle of law that prohibits civil suits against judicial officers for their judicial actions." *See Stump v. Sparkman* 435 U.S. 349, 98 S. Ct. 1009 (1978). (ECF No. 22 at 6.) It is firmly settled that judges are immune from liability for damages for acts committed within their judicial jurisdiction, even when the judge is accused of acting maliciously and corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation.
>
> We do not believe that this settled principle of law was abolished by § 1983, which makes liable "every person" who under color of law deprives another person of his civil rights. The legislative record gives no clear indication that Congress meant to abolish wholesale all common-law immunities.

*Id.* A judge is not immune from liability for non-judicial acts, or where an act is performed in the complete absence of all jurisdiction. *See Stump*, 435 U.S. at 356-357. (ECF No. 22 at 6-7.)

Judge Reed was performing a judicial function when he denied the removal of the plaintiffs' criminal cases to the Ecclesiastical Court of Justice, Pennsylvania and set the cases down for trial in the court of proper jurisdiction and venue. Due to the clear and unequivocal application of absolute judicial immunity, this action against Judge Reed

7

should be dismissed.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief can be granted against Judge Reed.

### C. The Eleventh Amendment bars any recovery of monetary damages against the State of West Virginia.

The State of West Virginia has aptly asserted that it is immune from suit because the Eleventh Amendment to the United States Constitution bars a state from being sued in federal court by its own citizens, or citizens of another state.  *See Edelman v. Jordan*, 415 U.S. 651, 945 S. Ct. 1347 (1974).  (ECF No. 22 at 12.)  Additionally, the plaintiffs are barred by the Eleventh Amendment from recovering any retroactive monetary damages against the State or its officials.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989); *Kentucky v. Graham*, 473 U.S. 159 (1985).  Accordingly, the plaintiffs' claims against the State of West Virginia must be dismissed.

### D. The County Defendants are immune from suit under state law.

In their Motion to Dismiss, defendants Modesitt, Merritt, Tebay, Jones and the County of Wood (hereinafter "the County Defendants") assert that they are immune from suit under West Virginia Code sections 29-12A-4 and 29-12A-5.  These code sections restrict the liability of a political subdivision, such as a county commission and its employees (in this case, three former county commissioners and the Wood County Circuit Clerk) to limited circumstances of negligence, which are inapplicable in the instant case.  This immunity does not apply if a plaintiff can demonstrate that the acts or omissions of an employee of a political subdivision were manifestly outside the scope of his or her employment of official responsibilities, or were done with malicious purpose, in bad faith or in a wanton or reckless manner.  *See* W. Va. Code § 29-12-A-5(b).  In the

8

instant case, the plaintiffs have failed to allege any such circumstances. Moreover, the County Commission and the Circuit Clerk have no authority over the plaintiffs' criminal prosecutions, the arresting officers, or the presiding judge. Thus, there is no basis for liability against the County Defendants.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiffs' Complaint fails to state a claim upon which relief can be granted against defendants Modesitt, Merritt, Tebay, Jones, and the County of Wood.

### E.     The District Court should abstain from reviewing this case.

Notwithstanding the prior recommendations, because this case involves an on-going criminal prosecution in the state court, defendants Reed and the State of West Virginia have argued that the District Court should abstain from review of this case under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court held that federal courts may not interfere with state court prosecutions except in exceptional circumstances. This doctrine is known as *Younger* abstention. The Fourth Circuit has instituted a three-part test for determining when *Younger* abstention is appropriate: "(1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." *Employers Resource Mgmt. Co., Inc. v. Shannon,* 65 F.3d 1126, 1134 (4th Cir. 1995).

In this case, the plaintiffs are involved in an ongoing state judicial proceeding.[2] The state proceeding is a criminal proceeding which clearly implicates important state interests. Further, there is an adequate opportunity for the plaintiffs to present their

---

[2] Although Mrs. Deegan pled guilty to a lesser charge, she has yet to be sentenced. Thus, her case is not final. Furthermore, Mr. Deegan's case has yet to be prosecuted, as he is presently a fugitive.

federal claims in the state proceeding. As previously applied by the presiding District Judge in denying the plaintiffs' "Motion for Order of Protection, Temporary Restraining Order and Order Staying the Proceedings of Case" (ECF No. 10), the undersigned proposes that the presiding District Judge **FIND** that *Younger* abstention applies and that there are no exceptional circumstances present that would warrant this court's intervention in this case.

## RECOMMENDATION

The plaintiffs have failed to contest any of the arguments for dismissal made by the defendants. Accordingly, for the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the unopposed Motions to Dismiss filed by the defendants (ECF Nos. 19 and 21) and dismiss this case from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of

Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendations and to mail a copy of the same to the plaintiffs and to transmit a copy to counsel of record.

April 25, 2012

Mary E. Stanley
United States Magistrate Judge